[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16625
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-60065-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONDRE GREEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 15, 2009)

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Dondre Green appeals his 57-month sentences for conspiracy to commit access device fraud, in violation of 18 U.S.C. § 371, and theft of mail by a postal employee, in violation of 18 U.S.C. § 1709. On appeal, Green argues that the

district court erred by giving him a four-level enhancement as a leader/organizer because he did not have an organizational or supervisory role in the offense, but was merely a postal employee who stole credit cards out of the mail and provided them to others. After careful review, we affirm.

"A district court's enhancement of a defendant's offense level based on his role as an organizer or leader is a finding of fact reviewed for clear error." United States v. Rendon, 354 F.3d 1320, 1331 (11th Cir. 2003). "The government bears the burden of proving by a preponderance of the evidence that the defendant had an aggravating role in the offense." United States v. Yeager, 331 F.3d 1216, 1226 (11th Cir. 2003).

The Sentencing Guidelines provide that a four-level enhancement may be applied if "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). In determining whether a § 3B1.1(a) enhancement applies, the district court should consider: "(1) exercise of decision-making authority, (2) nature of participation in the commission of the offense, (3) recruitment of accomplices, (4) claimed right to a larger share of the fruits of the crime, (5) degree of participation in planning or organizing the offense, (6) nature and scope of the illegal activity, and (7) degree of control and authority exercised over others." Rendon, 354 F.3d

2

at 1331-32 (quotation omitted) (citing U.S.S.G. § 3B1.1 cmt. (n.4)). "There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy." U.S.S.G. § 3B1.1 cmt. (n.4). The defendant does not have to be the "sole leader or kingpin of the conspiracy in order to be considered an organizer or leader within the meaning of the Guidelines." Rendon, 354 F.3d at 1332 (quotation omitted). A leader/organizer enhancement may apply where the defendant was the leader or organizer of only one person. Yeager, 331 F.3d at 1226-27. The district court's application of a § 3B1.1(a) enhancement is given deference on appeal. Rendon, 354 F.3d at 1332.

On this record, the district court did not clearly err by giving Green a leader/organizer enhancement, pursuant to U.S.S.G. § 3B1.1(a), because the government established by a preponderance of the evidence that he had an aggravating role in the offence. See Yeager, 331 F.3d at 1226. The record shows that Green had a leader/organizer role in the offense, as he stole at least 25 credit cards from people on his mail delivery route and then distributed those cards to at least five people, including individuals who were unconnected. Green also received compensation, in the form of electronics and gift cards, for his distribution of stolen credit cards.

The fact that other co-conspirators recruited people did not negate Green's leadership or organizational role in the offense, as there can be more than one leader/organizer and it was Green who provided stolen credit cards to these co-conspirators, as well as to other individuals. See U.S.S.G. § 3B1.1 cmt. (n.4). Furthermore, the fact that a co-conspirator distributed counterfeit identification cards to others and had a criminal history had no impact on Green's leader/organizer enhancement, which was based only on Green's distribution of stolen credit cards. Accordingly, we affirm Green's 57-month sentences.

**AFFIRMED.**